```
        IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                  SOUTHERN DIVISION


WILLIE L. SMITH,                   :
AIS# 274768,                       :
                                   :
     Plaintiff,                    :
                                   :
vs.                                : CIVIL ACTION NO. 11-00314-KD-B
                                   :
DEBORAH TONEY, et al.,             :
                                   :
     Defendants.                   :
```

### REPORT AND RECOMMENDATION

Plaintiff filed the instant § 1983 action while incarcerated at the Atmore Work Release Center. (Doc. 1). He requested permission to proceed in forma pauperis (Doc. 1), and was permitted to do so after paying a partial filing fee of $3.34. (Docs. 2, 3, 6). While this action was undergoing screening as required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b), the Court discovered that Plaintiff had been released from custody, but had not provided an updated address as he was previously directed to do so.[1] (Doc. 3). Accordingly, in an Order dated April 17, 2012 (Doc. 7), Plaintiff was advised that he remained obligated to paid the remainder of the filing fee, that with his release from custody, the Court no longer has a mechanism through which to collect the filing fee, and that Plaintiff was to pay the

---

[1] Although Plaintiff promptly notified the Court when he was transferred to a different work release center, he failed to notify the Court when he was released from custody. (Doc. 4).

remainder of the filing fee by May 17, 2012, or to submit a new motion to proceed without prepayment of fees by May 17, 2012. Plaintiff was cautioned that failure to pay the remainder of the filing fee, or to submit a new motion to proceed without prepayment of the filing fee by the May 17, 2012 deadline would result in a recommendation of dismissal. The Clerk was directed to send the April 17th Order and a form for a motion to proceed without prepayment of fees to Plaintiff at the last institutional address he provided, and to Plaintiff at 1931 N. Union Avenue, Ozark, AL 36360-7217, in care of Ms. Laura Smith. The Ozark address is the only other address listed by Plaintiff on any of his pleadings. (Id.); See (Doc. 1 at 8).

It appears that Plaintiff has lost interest in this litigation because to date, he has not responded to the Court's April 17th Order, nor has he provided the Court with updated address information. Due to Plaintiff's failure to comply with the Court's Orders, and failure to prosecute this action, and upon consideration of other available alternatives, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and to obey the Court's Order, as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734, 738 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution);

World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.)(finding that the court=s inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

The attached sheet contains important information regarding objections to this Report and Recommendation.

DONE this **10th** day of **August, 2012**.

                                                        /s/ SONJA F. BIVINS
                                     **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[2] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge=s recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court

---

[2]   Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  Fed.R.Civ.P. 72(b)(2).

of Appeals; only the district judge's order or judgment can be appealed.

2.  **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72.

3.  **Transcript (applicable where proceedings tape recorded).**  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this **10th** day of **August, 2012.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**